68 513
139a 55.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE EDISON ELECTRIC ILLUMINATING COMPANY OF NEW YORK, Appellant, *v.* EDWARD P. BARKER and Others, as Commissioners of Taxes and Assessments for the City and County of New York, Respondents.

*Review of tax assessment — a general statement of personal property, submitted by a taxpayer, insufficient.*

In order that the court should interfere with a tax assessment, the party complaining must show affirmatively that he has been aggrieved.

Such requisite proof is not furnished by merely showing, by the return to a writ of certiorari to review a tax assessment upon the value of the personal property of a corporation in New York city, that the relator had submitted to the tax commissioners a general statement, under oath, of its property, containing no items, or details by which its accuracy could be judged.

The tax commissioners are not bound to accept a general statement of the value of a taxpayer's property furnished by him, for the purposes of assessment, but have a right to judge for themselves on the subject.

APPEAL by the relator, the Edison Electric Illuminating Company of New York, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 4th day of January, 1893, dismissing a writ of certiorari brought to review a tax assessment, under chapter 269 of the Laws of 1880, and section 821 of the New York City Consolidation Act.

*C. E. Miller,* for the appellant.

*G. S. Coleman,* for the respondents.

PER CURIAM:

In order that the court should interfere with an assessment, the party complaining must show affirmatively that he has been aggrieved.

In the case at bar upon the coming in of the return to the writ the relator moved for judgment. It appeared from the return that the relator had submitted a statement of its property of the most general character, containing no items or details so that its accuracy could be judged. It is probable that large amounts were deducted in this statement as the value of patent rights, but what they were or what they were worth does not appear.

We do not think that the commissioners were bound to accept these wholesale statements as absolutely true, but had a right to judge for themselves. If the relator desired to impeach their judgment it had ample opportunity in this proceeding by evidence to show that the valuation of the respondents was erroneous, and thus to have relief. If the relator's position is correct the tax commissioners are powerless to reject a statement which they know to be false or misleading, as they have no power to call and examine witnesses before them.

The commissioners have a right to be guided by their own judgment, and in order that their action shall be reversed such judgment must be shown to be erroneous by legal evidence, and not by lump

swearing by a person who is not shown to have the requisite knowledge to be a competent witness.

The writ should be dismissed, with costs.

Present — Van Brunt, P. J., and O'Brien, J.

Writ dismissed, with costs.